UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DONNA SCHUELIE,

          Plaintiff,

-vs-

NEW HOPE MANOR, INC., and
BARRIE JACOBSEN.

          Defendants.

**COMPLAINT**

---

The Plaintiff, Donna Schuelie, by her attorney, Russell A. Schindler, Esq., as and for her complaint as against the Defendants, New Hope Manor, Inc., and Barrie Jacobsen hereby alleges the following:

## I. INTRODUCTION

1.    Plaintiff, Donna Schuelie, brings this action to recover legal and equitable relief as against the Defendants, New Hope Manor, Inc., and Barrie Jacobsen, based upon their violation of provisions of the Fair Labor Standards Act of 1938, (hereinafter referred to as "FLSA") 29 U.S.C.§201, et seq., and, more particularly, for a violation of 29 U.S.C. §215(a)(3), in that Plaintiff alleges that Defendants terminated her employment in retaliation for Plaintiff having filed a complaint regarding the Defendants' regarding failure to pay overtime wages provisions to its employees as required by the Fair Labor Standards Act of 1938. Plaintiff also asserts a claim of retaliation as against the Defendants based upon New York State Labor Law §740(2)(c) for terminating the employment of the Plaintiff due to her objecting to Defendants' policy or practice in violation of the overtime wages of New York State Labor Law. Plaintiff also asserts a claim for breach of contract. Plaintiff seeks both legal and equitable remedies as well as an award of

counsel fees, costs and disbursements.

## II. JURISDICTION AND VENUE

2.      Jurisdiction for this action in the District Court is provided by 28 U.S.C. §1331, as a civil action which arises under the laws of the United States. Supplemental jurisdiction for Plaintiff's state law claim is provided by 28 U.S.C. §1367, as a claim which is so related to Plaintiff's Federal claim as to form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue in the U.S. District Court, Southern District of New York is provided by 28 U.S.C. §1391(b)(1),(2) as the Defendants reside in Sullivan County, New York.

## III. THE PARTIES

4.      That, Plaintiff, Donna Schuelie, at all relevant times herein, was and still is a resident of Sullivan County, New York, and is a citizen of the United States of America.

5.      That, upon information and belief, Defendant, New Hope Manor, Inc., at all relevant times herein, was and still is a domestic not-for-profit corporation duly created and existing pursuant to the laws of the State of New York, and which maintains its principal place of business in Sullivan County, New York.

6.      That, from on or about August 1, 2016 through September 19, 2016, the Plaintiff, Donna Schuelie, was an employee of Defendant, New Hope Manor, Inc.

7.      That, Defendant, Barrie Jacobsen, at all relevant times herein, was and still is the Executive Director of the Defendant, New Hope Manor, Inc., and, in that capacity, exercises control over all aspects of the day-to-day functions of Defendant, New Hope Manor, Inc., including: (1) operational control over the operations of the enterprise, including actively managing, supervising and directing the business' operations; (2) having the power to establish,

and, in fact, establishing, the terms of Plaintiff's employment; (3) having the power to hire and fire employees; (4) having control over employee work schedules; (5) having the ability to determine the rate and method of employee payment; and (6) maintaining employment records of the employing entity.

8.      For all times relevant herein, Defendant, Barrie Jacobsen, acted directly and indirectly in Defendant's interests in relation to its employees, including Plaintiff and others similarly situated.

9.      That Defendant, New Hope Manor, Inc., is an "enterprise", as that term is used in the FLSA, 29 U.S.C. § 203(r)(1),(2)(A), as it performs activities as an institution primarily engaged in the care of the sick, the aged, the mentally ill or defective who reside on the premises of such institution; in that said Defendant provides intensive, residential counseling and treatment for women who are sick or are mentally ill or defective.

10.     That, Defendant, New Hope Manor, Inc., is "an enterprise engaged in commerce", as that term is used in the FLSA, 29 U.S.C. §203(s)(1)(B) in that it is an institution primarily engaged in the care of the sick, the aged or the mentally ill or defective who reside on the premises of such institution.

11.     Plaintiff, Donna Schuelie, in her employment as a Human Resources manager for Defendant, New Hope Manor, Inc., was engaged in commerce or in the production of goods for commerce because a substantial part of her work was related to interstate commerce, including the use of mail, telephone and internet, among the several States or between New York and other places outside of New York in furtherance of Defendant's business purpose.

## IV. THE FACTS

12.     That, in her capacity as a Human Resources manager, Plaintiff, Donna Schuelie, did

discover that Defendants were not paying overtime pay to the Defendants' employees, as required by both Federal and New York State law.

13.     That Plaintiff did advise the Defendants that their failure to pay overtime was against the terms of the FLSA and New York State Labor Law.

14.     That Defendants nonetheless refused to pay overtime pay to their employees who worked more than 40 hours in a week.

15.     That, on September 19, 2016, Plaintiff, Donna Schuelie, did prepare and disseminate a memo to Chief Financial Officer Nancy Bloom regarding an employee who had worked 83 hours during a two-week pay period and was wondering if the employee got paid time and one-half for the hours over 40 hours per week.

16.     That, shortly after receiving this memo, Defendant Barrie Jacobsen, CFO Nancy Bloom and Assistant Director Linda Bortelsman held a meeting with Plaintiff.

17.     At the meeting, Defendant Barrie Jacobsen and CFO Nancy Bloom stated to Plaintiff that there is no overtime pay in Defendant's operation and Plaintiff should have advised the employee of same.

18.     Plaintiff responded by advising them that overtime pay was required to be paid under both the FLSA and New York State Labor Law.

19.     Defendants, New Hope Manor, Inc. and Barrie Jacobsen, then fired Plaintiff from her employment in retaliation for advising them that they were in violation of the FLSA and New York State Labor Law.

## V. AS AND FOR A FIRST CAUSE OF ACTION

20.     That the termination of Plaintiff's employment in retaliation for filing a complaint is an unlawful act, prohibited by 29 U.S.C. §215(a)(3).

21.     That by reason of the unlawful termination of the Plaintiff's employment, Plaintiff,
Donna Schuelie, has been damaged in the nature of loss of earnings, emotional distress, and other
damages.

22.     By reason of the foregoing, Plaintiff seeks a judgment as against the Defendants, jointly
and severally, awarding compensatory damages, in an amount to be determined, for loss of
earnings and emotional distress, together with an additional sum as and for liquidated damages
pursuant to the terms of FLSA, 29 U.S.C §216(b), and an award of counsel fees, costs and
disbursements.

## VI. AS AND FOR A SECOND CAUSE OF ACTION

23.     That the termination of Plaintiff's employment in retaliation for Plaintiff's having
disclosed to her supervisors, and having objected to, the Defendant's violation of the overtime
provisions of New York State Labor Law, was unlawful, in violation of Labor Law §740(2)(c).

24.     That, by reason of the Defendants' unlawful retaliation against the Plaintiff, Plaintiff,
Donna Schuelie, has been damaged in the nature of loss of earnings, emotional distress and other
damages.

25.     That Plaintiff, Donna Schuelie, seeks a judgment as against the Defendants, jointly and
severally, in an amount to be determined by the Court, for compensatory damages in the nature of
loss of earnings and emotional distress, along with an award of costs, disbursements and counsel
fees.

## VII. AS AND FOR A THIRD CAUSE OF ACTION

26. That Defendant, New Hope Manor, Inc., did agree to pay the Plaintiff at the rate of
$38,000.00 per year.

27.     That Defendant, New Hope Manor, Inc., did underpay the Plaintiff, Donna Schulie.

28.    That such underpayment constitutes a breach of contract.

29.    That by reason of such breach of contract, Plaintiff has been damaged in the sum of $130.00.

## VIII. INJUNCTIVE RELIEF

30.    In addition to the relief sought above, Plaintiff further seeks an award of injunctive relief reinstating Plaintiff to her employment with full benefits and seniority rights as if she had continued to be employed without interruption.

## IX. JURY DEMAND

31.    Plaintiff respectfully demands a trial by jury.

WHEREFORE, Plaintiff, Donna Schuelie, respectfully seeks a judgment as against the Defendants, jointly and severally, awarding both compensatory damages and liquidated damages, along with appropriate injunctive relief, together with an award of counsel fees, costs and disbursements, and such other and further relief, as to the Court may seem just and proper.

Dated: November 10, 2016
       Kingston, NY

Yours etc.

Russell A. Schindler, Esq.
Attorney for Plaintiff
245 Wall Street
Kingston, NY 12401
(845) 331-4496
Southern District Bar Roll#
RS8666