UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DONNA SCHUELIE,

                          Plaintiff,

        -against-

NEW HOPE MANOR, INC., and
BARRIE JACOBSEN,

                          Defendants.
------------------------------------------------------------------------X

Civil Action No.: 16-cv-9178 (CS)

**ANSWER**

        Defendants, NEW HOPE MANOR, INC. and BARRIE JACOBSEN, by their attorneys, MILBER MAKRIS PLOUSADIS & SEIDEN, LLP, as and for their Answer to the Complaint, allege the following upon information and belief:

## I. INTRODUCTION

        1.     Defendants aver that the allegations contained in Paragraph "1" of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendants deny the allegations contained in Paragraph "1" of the Complaint and respectfully refer all questions of law to this Honorable Court.

## II. JURISDICTION AND VENUE

        2.     Defendants aver that the allegations contained in Paragraph "2" of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendants deny the allegations contained in Paragraph "2" of the Complaint and respectfully refer all questions of law to this Honorable Court.

        3.     Defendants aver that the allegations contained in Paragraph "3" of the Complaint constitute conclusions of law to which no response is required.

## III. THE PARTIES

4. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "4" of the Complaint.

5. Defendants admit each and every allegation contained in Paragraph "5" of the Complaint.

6. Defendants deny each and every allegation contained in Paragraph "6" of the Complaint.

7. Defendants deny each and every allegation contained in Paragraph "7" of the Complaint and respectfully refer all questions of law to this Honorable Court.

8. Defendants deny each and every allegation contained in Paragraph "8" of the Complaint and respectfully refer all questions of law to this Honorable Court.

9. Defendants deny each and every allegation contained in Paragraph "9" of the Complaint and respectfully refer all questions of law to this Honorable Court.

10. Defendants deny each and every allegation contained in Paragraph "10" of the Complaint and respectfully refer all questions of law to this Honorable Court.

11. Defendants aver that the allegations contained in Paragraph "11" of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendants deny the allegations contained in Paragraph "11" of the Complaint.

## IV. THE FACTS

12. Defendants deny each and every allegation contained in Paragraph "12" of the Complaint.

13. Defendants deny each and every allegation contained in Paragraph "13" of the Complaint.

14. Defendants deny each and every allegation contained in Paragraph "14" of the Complaint.

15. Defendants deny each and every allegation contained in Paragraph "15" of the Complaint except admit that plaintiff e-mailed Ms. Bloom concerning another employee.

16. Defendants deny each and every allegation contained in Paragraph "16" of the Complaint.

17. Defendants deny each and every allegation contained in Paragraph "17" of the Complaint.

18. Defendants deny each and every allegation contained in Paragraph "18" of the Complaint.

19. Defendants deny each and every allegation contained in Paragraph "19" of the Complaint.

## V. AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

20. Defendants deny each and every allegation contained in Paragraph "20" of the Complaint and respectfully refers all questions of law to this Honorable Court.

21. Defendants deny each and every allegation contained in Paragraph "21" of the Complaint.

22. Defendants deny each and every allegation contained in Paragraph "22" of the Complaint and respectfully refers all questions of law to this Honorable Court.

## VI. AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

23. Defendants deny each and every allegation contained in Paragraph "23" of the Complaint and respectfully refers all questions of law to this Honorable Court.

24. Defendants deny each and every allegation contained in Paragraph "24" of the Complaint.

25. Defendants deny each and every allegation contained in Paragraph "25" of the Complaint.

## VII. AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

26. Defendants admit each and every allegation contained in Paragraph "26" of the Complaint.

27. Defendants deny each and every allegation contained in Paragraph "27" of the Complaint.

28. Defendants deny each and every allegation contained in Paragraph "28" of the Complaint and respectfully refers all questions of law to this Honorable Court.

29. Defendants deny each and every allegation contained in Paragraph "29" of the Complaint.

## VIII. INJUNCTIVE RELIEF

30. Defendants deny that Plaintiff is entitled to any type of remedy, relief or damages in Plaintiff's Injunctive Relief.

## IX. JURY DEMAND

31. Defendants acknowledge that Plaintiff demands a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

32. Neither the Complaint as a whole, nor the causes of actions alleged therein, state facts sufficient to constitute a cause of action upon which relief can be granted against Defendants.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

33. The claims of Plaintiff are barred in whole or in part by any and all applicable statutes of limitations including, but not limited to, 29 U.S.C. §255.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

34. The claims of Plaintiff are barred in whole or in part by the doctrines of unclean hands, laches, estoppels, and/or set off.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

35. Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 27 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

36. Plaintiff has been paid all wages due, and, as such, cannot state a claim upon which relief could be granted.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

37. If the Plaintiff sustained any personal injuries or damages as alleged in the complaint, such injuries or damages were caused, aggravated or contributed to by the Plaintiff's

failure to take reasonable efforts to mitigate damages, and any award made to the Plaintiff must be reduced in such proportion and to the extent that the injuries complained of were caused, aggravated or contributed to by said failure to mitigate damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSES

38. To the extent Plaintiff has received other benefits and/or awards attributable to an injury for which they seek compensation in this case, such benefits and/or awards should offset, in whole or in part, any award she receives here for the same injury.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

39. The Complaint is barred, in whole or in part, because Plaintiff failed to satisfy statutory and/or other prerequisites to proceed collectively under the FLSA.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

40. Plaintiff is precluded from recovering any amounts from Defendants where Defendants have paid Plaintiff all sums legally due under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, the New York Minimum Wage Act, N.Y. Labor Law §§ 650 *et seq.*, Article 6 of the New York Labor Law, N.Y. Labor Law §§ 190 *et seq.*, and all of their implementing regulations (collectively "Applicable Law").

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

41. Plaintiff may not recover liquidated damages, because: (1) Defendants and all of their officers, directors, managers, and agents acted in good faith and did not commit willful violation of Applicable Law; (2) Defendants and their officers, directors, managers, and agents did not authorize any such willful violation with respect to Plaintiff; and (3) Plaintiff has failed to plead facts sufficient to support recovery of such damages.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

42. Plaintiff is precluded from recovering any amounts from Defendants for failure to pay compensation for hours worked because such time was worked without manager knowledge or approval.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

43. The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under the New York Labor Law.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

44. Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 27 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

45. Plaintiff's claims are barred in whole or in part to the extent that the work they performed falls within exclusions, exceptions, or credits provided for in the Fair Labor Standards Act, the New York Labor Law, and their implementing regulations.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

46. Plaintiff's claims are barred in whole or in part to the extent that some or all of the disputed time is not compensable pursuant to the provisions of the Portal-to-Portal Act of 1947 and/or New York law.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

47. Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curat lex*.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

48. Plaintiff's claims are barred in whole or in part by their failure to exhaust its contractual remedies.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

49. Defendants have, and had, no intention to violate any provision of the Fair Labor Standards Act and/or New York Law. Therefore, Defendants did not and is not willfully violating the Fair Labor Standards Act and/or New York Labor Law.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

50. With respect to some or all of the claims brought by the Plaintiff on behalf of himself and/or on behalf of any putative class or collective action, Defendants affirmatively plead that any act(s) and/or omission(s) that may be found to be in violation of the rights afforded by applicable law were not willful but occurred in good faith and with reasonable grounds for believing that they were in complete compliance with applicable law.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

51. To the extent the Plaintiff has suffered injury, which is denied, that injury is the result of acts or omissions of the Plaintiff and/or such purported others, and not any act or omission of the Defendants.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

52. Defendants reserve the right to assert such other additional and/or affirmative defenses that may become known to it through discovery.

WHEREFORE, Defendants, NEW HOPE MANOR, INC. and BARRIE JACOBSEN, demand judgment:

(A)　Dismissing the Complaint;

(B)　Awarding it the costs and disbursements of this action; and

(C)　Awarding it such other and further relief that this Court may deem just and proper.

Dated: Woodbury, New York
　　　　February 27, 2017

                                     MILBER MAKRIS PLOUSADIS
                                     & SEIDEN, LLP

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Elizabeth R. Gorman
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　　　　　　　　　　　　*New Hope Manor, Inc. and Barrie Jacobsen*
　　　　　　　　　　　　　　　　　　　　　　1000 Woodbury Road, Suite 402
　　　　　　　　　　　　　　　　　　　　　　Woodbury, New York 11797
　　　　　　　　　　　　　　　　　　　　　　(516) 712-4000
　　　　　　　　　　　　　　　　　　　　　　Our File No.: 420-13531

TO:

Russell A. Schindler, Esq. (RS8666)
Attorney for Plaintiff
245 Wall Street
Kingston, New York 12401
845-331-4496